IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN KANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-330 |
| | ) |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 28th day of May, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 20) filed in the above-captioned matter on September 20, 2019, AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 13) filed on August 22, 2019, and in consideration of the various briefs and supplemental responses filed by the parties (Doc. Nos. 14, 21, 25, 27, 28, 29, 30),

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED and that Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for benefits is VACATED, and the case is REMANDED to the Commissioner to be assigned to a different, constitutionally-appointed administrative law judge ("ALJ") for a new hearing and a new determination as to whether Plaintiff is disabled under the Social Security Act.

1

The administrative hearing in this case was conducted by ALJ Leslie Perry-Dowdell on September 26, 2017, and ALJ Perry-Dowdell issued her decision denying Plaintiff's claim for benefits on June 12, 2018. Plaintiff then sought review before the Appeals Council on June 21, 2018. That same day, the United States Supreme Court issued its decision in Lucia v. S.E.C., 138 S. Ct. 2044 (2018), finding that an ALJ of the Securities and Exchange Commission assigned to hear enforcement actions is an "Officer of the United States," subject to the Appointments Clause of the United States Constitution. The Supreme Court further held that a party "'who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." Id. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)). The appropriate relief, given that the ALJ had not been properly appointed under the Appointments Clause, was remand for a new hearing before a different, constitutionally appointed ALJ. See id. While Lucia did not purport to address the constitutionality of the ALJs in other federal agencies, in response to the opinion, the President of the United States, on July 10, 2018, issued an executive order stating that "at least some – and perhaps all – ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause." Exec. Order No. 13843, 83 Fed. Reg. 32755 (July 10, 2018). Shortly thereafter, the Acting Commissioner reappointed the ALJs of the Social Security Administration ("SSA") under her own authority. See S.S.R. 19-1p, 2019 WL 1324866 (S.S.A.), at *2.

Accordingly, at the time of the hearing before ALJ Perry-Dowdell and as of the date of her decision denying Plaintiff benefits, she was not properly appointed under the Appointments Clause. Plaintiff did not raise this issue at the administrative level, but instead filed her appeal

with this Court.  On January 23, 2020, while this case was pending, the Third Circuit Court of Appeals issued its decision in Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020), holding that social security claimants "may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." Id. at 153.  It further held that since, by the SSA's own admission, its ALJs had not been properly appointed at the time of the claimant's administrative proceedings, the claimant was entitled to a new hearing before a different ALJ.  See id. at 158-60.

Plaintiff's summary judgment motion and brief (Doc. Nos. 13 & 14), which were filed well in advance of the Third Circuit's decision in Cirko, nevertheless asserted a challenge to the appointment of ALJ Perry-Dowdell under the Appointments Clause, citing the Supreme Court's opinion in Lucia and noting a number of other recent holdings in cases within the Districts of the Third Circuit, including that of the District Court for the Middle District of Pennsylvania in Bizarre v. Berryhill, 364 F. Supp. 3d 418 (M.D. Pa. 2019).  Defendant then filed a motion to stay the case pending the outcome of the consolidated appeals of Cirko and Bizarre before the Third Circuit.  The Court granted Defendant's motion to stay and directed Defendant to keep the Court informed as to the status of those cases.  Defendant later filed its summary judgment motion and brief.  After the Third Circuit issued its opinion in Cirko, Plaintiff filed a motion to lift the stay, asking that the case be remanded for a new hearing before a different ALJ who has since been properly appointed under the Appointments Clause.  Defendant objected to the motion to lift the stay, and the Court ordered that the motion would be held in abeyance pending notice from Defendant as to the status of the appellate proceedings in Cirko.  Plaintiff continued to ask that the

3

stay be lifted, and Defendant filed a status update which included a request that the Court continue the stay pending the conclusion of appellate proceedings.

The parties do not dispute – and the Court agrees – that the ALJ in this case had not been constitutionally appointed during the relevant time period.  Pursuant to Cirko, then, Plaintiff would therefore be entitled to a new hearing before an ALJ other than ALJ Perry-Dowdell and a new disability determination regardless of whether she raised the issue at the administrative level.

Accordingly, this case will be remanded to the Commissioner for a new hearing and determination by a properly appointed ALJ other than ALJ Perry-Dowdell.  Because the Court is remanding this case on this ground, it does not reach the other issues raised by Plaintiff.  To the extent error is alleged, it should be addressed on remand.  See Hoover v. Saul, Civ. No. 19-579, 2020 WL 1550663, at *2 (M.D. Pa. Apr. 1, 2020) (citing Holst v. Saul, Civ. No. 18-2182, 2019 WL 5457920, at *9 (M.D. Pa. Sept. 10, 2020)).

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:           Counsel of record